ANNIE HARRINGTON *vs.* ANNA E. DOUGLAS.
ROBERT A. HARRINGTON *vs.* SAME.
ROBERT A. HARRINGTON, administrator, *vs.* SAME.
HELEN HARRINGTON *vs.* .SAME.

Middlesex.    January 20, 1902. — April 2, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Landlord and Tenant.    Deceit.*

In an action of tort for inducing the plaintiff to hire a certain tenement by false representations of the defendant's agent that the drainage was in good condition, the plaintiff objected to the charge to the jury as instructing them that in order for the plaintiff to prevail the representations must have been the sole inducement to the contract of hiring. *Held,* that, properly interpreted, the judge's charge meant, that the representations must have been one of the inducements, and so interpreted was right.

· FOUR ACTIONS OF TORT, by three members of the same family and the administrator of another, deceased, for alleged false representations made by one Hancock, agent of the defendant, that a certain tenement at 22 Austin Street in Cambridge was in good condition as to drainage and plumbing, thereby inducing the plaintiffs to occupy it, in consequence of which three of the plaintiffs were alleged to have suffered from illness and the intestate of the other to have died, with a second count in each case alleging negligence of the defendant in not informing the plaintiffs of the unsanitary condition of the house, and a third count for alleged negligence in not making repairs after notice of its unsanitary condition.    Writs dated February 15, 1900.

At the trial in the Superior Court before *Hardy,* J., the jury returned verdicts for the defendant in all the cases; and the plaintiffs alleged exceptions.

The plaintiffs' first and second requests for rulings, held by the court to have been given in substance, were as follows:

" 1.  As the defendant left the entire care of the property in question to her co-trustee, Mr. Holmes, such notice of a defective condition of the closet as was given said co-trustee Holmes, if any, was notice to the defendant.

" 2.  Knowledge or lack of knowledge on the part of the defendant's agent that said house was in a defective or dangerous condition is of no consequence if he made the alleged representations.  The plaintiffs are not required to show that he had knowledge; nor are they required to show that he was without knowledge; it is enough if he made representations which were not in fact true."

*W. P. Hale,* for the plaintiffs.

*E. H. Jose,* for the defendant.

HAMMOND, J.  The first and second rulings requested, although not given in the exact language of the requests, were given in substance, and that was enough.

The only remaining exception relates to the question of inducement.  One of the contentions of the plaintiffs was that Hancock, the agent of the defendant, made certain false representations concerning the sanitary condition of the tenement, by which the tenant Harrington was induced to hire it.  The evidence as to whether such representations were made was conflicting, but would warrant a finding that they were made, and that the tenant, relying upon them, was thereby induced to hire the premises.

The objection made by the plaintiffs to the charge to the jury is that they were instructed that, in order to recover, these representations must have been the sole inducement to the contract of hiring.  Such an instruction, as is justly remarked by the counsel for the plaintiffs, would be in conflict with one of the elementary and most familiar principles of the law of deceit, and one would therefore hardly expect it to be given.

While one or two sentences in the charge, considered apart from their setting, might give some ground for the contention that such an instruction was given, yet upon a consideration of the charge as a whole we think it manifest that no such thing was in the mind of the judge, and that the effect of the whole

charge was to leave it to the jury, so far as material to this point, to find for the plaintiffs, if the representations formed one of the inducements.

It is to be noted that it does not appear from the bill of exceptions that among the requests for instructions submitted by the plaintiffs at the close of the evidence there was anything relating to this point. It appears, however, that at the conclusion of the charge the counsel for the plaintiffs saved an exception to the instructions of the judge as to the representations alleged to have been made by the agent, Hancock, pointing out that the law does not require such representations to be the sole inducement as laid down by the judge, but only one of the inducements which led the plaintiffs to take the house; and that the judge declined to change his instructions. He probably declined to change his instructions because he did not accede to the interpretation placed upon them in this respect by the counsel for the plaintiffs.

He had in fact touched upon the matter of the inducement several times, and he was endeavoring to distinguish between an inducement based upon the representations of Hancock and an inducement based upon their own knowledge; and the whole general effect of the charge upon this point was to say in substance that, if the plaintiffs chose to rely upon their own knowledge, then they assumed the risk of the occupation of the premises, and, although the representations may have been made, yet the plaintiffs would not be entitled to recover if they relied upon their own knowledge and not upon the representations.

*Exceptions overruled.*